UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RODNEY CLINT GILLIAM, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | 1:14-CV-187 |
| | ) | *Judge Curtis L. Collier* |
| SEQUATCHIE COUNTY TENNESSEE SHERIFF'S DEPT.; SHERIFF RONNIE HITCHCOCK; JAIL ADMINISTRATOR CLINT WALKER; | ) ) ) ) ) | |
| *Defendants.* | ) | |

## MEMORANDUM AND ORDER

The Court is in receipt of Plaintiff Rodney Clint Gilliam's ("Plaintiff") *pro se* prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Court File No. 1) which was transferred to this Court by the United States District Court, Middle District of Tennessee, Nashville, Tennessee after it assessed the filing fee (Court File No. 8).

Plaintiff's complaint consists of a factually unsupported claim that while he was incarcerated in the Sequatchie County Jail during 2014, he was subjected to discrimination by the defendants (Court File No. 1). Specifically, Plaintiff claims that due to discriminatory actions by Sheriff Ronnie Hitchcock and Jail Administrator Clint Walker, he was unable to work while incarcerated which deprived him of earning any credits to reduce his period of incarceration (Court File No. 2). Plaintiff requests $1,000,000.00 for compensatory damages and $1,000,000.00 in punitive damages (Court File Nos. 1 & 2).

The Court screens the complaint to determine whether it should be dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(e)(2) and § 1915A. When performing this task, the Court bears in mind that the pleadings of *pro se* litigants must be liberally construed

and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a complaint must contain more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (citations omitted).

In addition to failing to provide sufficient factual support for his condition of confinement claims, Plaintiff has failed to specify in what capacity he is suing Defendants or state a claim against them in their official or individual capacities. Specifically, Plaintiff has failed to describe the unconstitutional actions in which he alleges Defendants engaged. Thus, as currently pleaded, Plaintiff's complaint fails to set forth facts which might be liberally construed to support a constitutional claim against Defendants in either their official or individual capacities, as it does not contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id*.

Nevertheless, because Plaintiff may be able cure these deficiencies, the Court will permit Plaintiff to file an amended complaint. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013) (holding a district court may allow a prisoner to amend a complaint to avoid *sua sponte* dismissal under the PLRA).

Accordingly, the Clerk **SHALL** mail Plaintiff a copy of this Memorandum and Order, a copy of his original pleadings (Court File Nos. 1 & 2), and a blank § 1983 complaint, which Plaintiff **SHALL** entitle **AMENDED COMPLAINT**. Plaintiff is **GRANTED thirty (30) days** from the date of this Order in which to file a First Amended Complaint that **SHALL** cure all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleadings as the original pleadings will be superseded by the Amended Complaint.

In other words, Plaintiff's Amended Complaint will replace both his complaint and notice (Court File Nos. 1 & 2). Therefore, defendants not named and all claims not realleged in the Amended Complaint will be deemed to have been waived. Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). To be perfectly clear, Plaintiff is warned that if his amended complaint fails to address the deficiencies noted above, it may be dismissed with prejudice and without further leave to amend. The Court cautions Plaintiff, if he chooses to amend his complaint he must do so within **thirty (30) days** from the date of this Memorandum and Order or his complaint will be dismissed for failure to state a claim and follow the Court's Order.

Finally, Plaintiff is **ORDERED** to inform the Court, and Defendants or Defendants' counsel of record, immediately of any address change. Failure to provide a correct address to this Court within **fourteen (14) days** following any change of address will result in the dismissal of this action.

SO ORDERED.

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

4