# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| RODNEY CLINT GILLIAM, ) | |
| ) | Case No. 1:14-CV-187 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| SEQUATCHIE COUNTY TENNESSEE ) | |
| SHERIFF'S DEPT.; SHERIFF RONNIE ) | |
| HITCHCOCK; JAIL ADMINISTRATOR ) | |
| CLINT WALKER, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM AND ORDER

This is a pro se prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983. As the Court previously noted, Plaintiff's complaint consists of a factually unsupported claim that while he was incarcerated in the Sequatchie County Jail during 2014, he was subjected to discrimination by Defendants. (Doc. 10, at 1.) Specifically, in its previous order screening the complaint, the Court stated that, in addition to failing to provide sufficient factual support for his condition of confinement claims, the complaint failed to specify the capacity in which Plaintiff had sued Defendants, failed to state a claim against Defendants in their official or individual capacities, and failed to describe the unconstitutional actions in which Plaintiff alleged that Defendants had engaged. (*Id.* at 2.) Nevertheless, as Plaintiff could have potentially cured these deficiencies, the Court allowed Plaintiff to file an amended complaint within twenty days after the screening order was entered on July 24, 2014. (*Id.*) In doing so, the Court notified Plaintiff that the amended complaint would replace his complaint and that if his amended complaint failed

1

to state a claim upon which relief may be granted, it would be dismissed without further leave to amend. (*Id.* at 3.)

On August 24, 2015, more than twenty days after the screening order is deemed to have been served on Plaintiff,[1] Plaintiff filed an amended complaint. (Doc. 11.) While the amended complaint provides a few more factual details regarding Plaintiff's claim for discrimination, it was not filed in a timely manner,[2] fails to cure all of the deficiencies that the Court had noted in Plaintiff's original complaint, and only provides conclusory allegations of discrimination. Thus, the amended complaint fails to state a claim for discrimination upon which relief may be granted under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (holding that a plaintiff's allegations that he was treated harshly only because of discriminatory factors failed to state a claim because they were conclusory and did not plausibly suggest discrimination on prohibited grounds).

Accordingly, for the reasons set forth above, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983 pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

---

[1] As the Court's screening order would have been mailed to Plaintiff when it was entered on July 24, 2014, the Court finds that Plaintiff would have been served with that order on July 28, 2014, under Rule 6(d) of the Federal Rules of Civil Procedure.

[2] As the Court finds that Plaintiff would have been served with its screening order on July 28, 2014, Plaintiff's amended complaint would have had to have been signed by Plaintiff on or before August 18, 2014, in order to have been filed within the twenty-day deadline the Court set for that filing. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (noting that the signing date on a pro se prisoner's pleading will be deemed to be the filing date, unless there is evidence to the contrary).

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**